UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 19-cv-81316-MATTHEWMAN

PARTNERS BIOMEDICAL SOLUTIONS, LLC,
a Florida limited liability company, *et al.*,

    Plaintiffs,

vs.

EUGENE SALTSMAN, *et al.*,

    Defendants.
_____/

FILED BY ___KJZ___ D.C.

Nov 23, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING THE EXPEDITED MOTION BY PLAINTIFFS AND THIRD PARTY COUNTERCLAIM PLAINTIFFS FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED PLEADING [DE 170]

**THIS CAUSE** is before the Court upon the Expedited Motion by Plaintiffs, Partners Biomedical Solutions, LLC, MAC 15, LLC, and Third Party Counterclaim Plaintiffs, Gulf Coast Biomedical Services, LLC, and Robert Burke (collectively, "Movants"), for Leave to File Supplemental and Amended Pleading ("Motion") [DE 170]. Defendants, Eugene Saltsman, Evan Saltsman, Alfa Two Holdings, LLC, Matrix Instrument Services, Inc. and Benjamin Chevere ("Defendants") filed a response [DE 186], and Movants filed a reply [DE 194]. The matter is now ripe for review. The Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case.

### I.    MOTION, RESPONSE, AND REPLY

#### Motion

In the Motion, Movants seek leave to amend the Complaint and Third Party Complaint and Third Party Counterclaim. [DE 170, p. 1]. They explain that the "substantive changes to the

1

Complaint and addition of the Third Party Complaint and Third Party Counterclaim appear in Counts XV through XVIII of the proposed pleading, sounding in claims under various ESI-related federal and state laws, discussed below." *Id.* at p. 2. Movants contend that the "underlying reasons for the new pleading is that certain admissions of email hacking by Defendant Friedman have very recently been made by Defendants Eugene Saltsman and Alfatwo Holdings, LLC." *Id.* According to Movants, defense counsel has admitted to receiving and viewing the allegedly improperly obtained emails and documents after the September 25, 2019 filing of the Complaint and before the December 2, 2019 filing of Defendants' Answer and Affirmative Defenses to Plaintiffs Complaint and Counterclaims. *Id.* at p. 7. Movants assert that the email hacking implicates violations of Titles I and II of the Electronic Communications Protection Act and similar Florida statutes, so they want to add these claims to the pleadings. *Id.* at p. 8.

Movants maintain that supplementation of the Complaint and Third Party Complaint and Third Party Counterclaim is "appropriate for claims relating to the distribution and unfair use and informational advantage by use of the hacked ESI, because those transactions or occurrences or events happened since the date of the pleading sought to be supplemented." [DE 170, pp. 10-11]. They explain that, if it turns out that the email hacking itself did not predate the filing of the Complaint on September 25, 2019, "amendment under Rule 15(a) may be technically more accurate for those ECPA and state law claims which arise from hacking that took place, undiscovered until now, prior to the filing of the Complaint." *Id.* at p. 11. Movants also submit that the filing and service of the proposed pleading is appropriate under Rules 13,15, 18, 19 and 20. *Id.* at p. 12. They further argue that permitting them to amend will avoid an appeal and that the counterclaim arises out of the same transaction and occurrences. *Id.* at pp. 12-13. Finally, Movants

2

contend that good cause exists under Rule 16(b)(4) to allow the supplementation and amendment. *Id.* at p. 13.

## Response

In response, Defendants contend that the Motion and proposed amended pleading "are a transparent tactic of the very worst kind to delay this case and create insurmountable, undue prejudice to the Saltsman Parties. Movants' intent is clear: create a conflict of interest between the Saltsman Parties and their counsel by seeking to make counsel a party to this lawsuit. This is precisely the type of undue prejudice that requires a court to prohibit amendment of a pleading." [DE 186, p. 1]. Defendants also argue that the Motion is a dilatory tactic because Defendants, through their pending motion for partial summary judgment, are seeking complete dismissal of several of the Saltsman Parties from the lawsuit, and none of the summary judgment claims have anything to do with the alleged hacking and ESI violations which Movants have recently raised. *Id.* at p. 2. Defendants accuse Movants of acting in bad faith and explain that, even if they can prove that Dr. Burke was hacked, there is no evidence that Evan Saltsman, Matrix or Mr. Chevere were in any way associated alleged email hacking. *Id.*

Defendants argue that Movants should bring a new lawsuit regarding their ESI misconduct claims and that Movants had the discovery about the alleged hacking over four months ago but waited to file their Motion. [DE 186, pp. 2-3]. Defendants maintain that the Motion should be denied as it was brought with undue delay and dilatory motive and in bad faith. *Id.* at p. 5. They also contend that the Motion was designed to cause undue, severe, and grossly improper prejudice to Defendants. *Id.* at p. 5. They argue that Movants will not be prejudiced if the Motion is denied since they can bring a separate lawsuit. *Id.*

3

Reply

In reply, Movants first argue that "Counts XV through XVIII of The First Amended Complaint, Third Party Complaint and Third Party Counterclaim ripened after the filing of the initial Complaint (Rule 13(e)), involve independent or alternative claims (Rule 18(a)), involve interests of the parties and which can be feasibly joined (Rule 19(a)), and which, alternatively, may be said to involve or arise out of some of the same transaction, occurrence, or series of occurrences and have some common questions of law and fact (Rule 20(a))." [DE 194, p. 3]. According to Movants, the delay in production was caused by Defendants and "the repeated refusal of their counsel to admit their production was deficient until October 20, 2020." *Id.* at p. 4. They claim that they could not have discovered the ESI misconduct "in the exercise of reasonable diligence" before the March 13, 2020 deadline to amend the pleadings. *Id.* Movants maintain that there will be no prejudice to Defendants if the Motion is granted because the trial date has to be continued due to the COVID-19 pandemic in any event. *Id.* at p. 5.

## II.   ANALYSIS

Federal Rule of Civil Procedure 15 states in relevant part that, unless a party is entitled to amend its pleading as a matter of course pursuant to part "a" of the Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule also states that "[t]he court should freely give leave when justice so requires." *Id.* In interpreting Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

4

*Foman v. Davis,* 371 U.S. 178, 182 (1962). A "district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

The Court has carefully considered the Motion, response, and reply, and the proposed First Amended Complaint and Third Party Complaint and Third Party Counterclaim. The Court finds that the Motion should be denied for several reasons.

First, the new counts that Movants seek to add to the Complaint and Third Party Complaint and Third Party Counterclaim are insufficiently related to the counts previously pled in the initial Complaint [DE 1] and Counterclaims [DE 21]. As originally plead in September 2019, this case involves a business dispute and involves causes of action such as breach of contract, fraud in the inducement, tortious interference with customer relationships, fraud, unjust enrichment, and related statutory violations. The proposed amendments primarily deal with whether an individual (Steven Friedman) improperly accessed the emails of another individual (Dr. Burke) and, thus, violated various federal and state statutes. The Court notes that Steven Friedman is a Defendant in this case but the case against him has been stayed pending arbitration. *See* DE 113.

These new allegations can—and should—be brought in a separate case. The Court is concerned that permitting the amendment would lead to a "tail wagging the dog" scenario. That is, the Court is concerned that allowing the amendment would permit the new causes of action (Counts XV – XVIII), which involve state and federal statutes, including the ECPA, the Florida Wire Tap Act, the CADRA, and the Stored Communications Act, to overshadow and push off to the side the central allegations in this case. The Court finds that allowing the amendment would

shift the focus of the jury away from the central allegations in this case to the alleged computer hacking or intrusion allegations. The new allegations of computer hacking or intrusion are collateral to the central allegations in this dispute and would unduly confuse and complicate this case.

Second, Movants are attempting to add a new party—Fowler White Burnett, P.A.—and are attempting to bring additional causes of action against two defendants—Steven Friedman and SEZ Holding Corp.—who are currently subject to a stay in this case. The time period for Movants to add a party to this lawsuit has long passed pursuant to the Court's Scheduling Order [DE 76]. Given that Movants are attempting to add a new a defendant, to add new claims against parties who are currently subject to a stay pending arbitration, and to add new claims that are separate and distinct from the claims initially pled, the Motion is due to be denied. *See Skillern v. Georgia Dep't of Corr.*, No. CIVA 106CV-2629-WSD, 2006 WL 3246687, at *4 (N.D. Ga. Nov. 7, 2006) ("Plaintiff's proposed amendments in the first and second motions to amend allege various transactions involving new defendants that are separate and distinct from the deliberate indifference claim raised against Defendants in the original complaint. Plaintiff cannot join these new claims and defendants in this action because they arise out of different transactions and do not involve a question of fact or law common to all defendants.").

Third, the Motion was filed approximately seven months after the deadline for amending pleadings, and Defendants have already filed a motion for partial summary judgment. There is clearly an issue of undue delay. Movants argue that they have demonstrated good cause for the untimely amendment because they were unaware of the alleged email hacking until very recently. However, Movants had actual notice of the possible email hacking back in June 2020 and failed to follow up on the issue at that time. It is also clear that Movants were somewhat dilatory in

waiting so long to commence the discovery process in the first place. Movants could have and should have pursued their amendment much earlier in this case, and the Court is troubled by the delay.

Fourth, the proposed amendment would clearly cause undue prejudice to Defendants. Movants seek to add Fowler White Burnett, P.A., as a party, and this would prejudice the Saltsman Defendants, who are currently represented by said law firm in this case. If the amendment were allowed, attorney conflict of interest issues would surely arise. This would serve to further unduly delay this proceeding and violate the dictates of Federal Rule of Civil Procedure 1, which states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Moreover, the counts that Movants are seeking to add to the Complaint and Third Party Complaint and Third Party Counterclaim are so unrelated and collateral to the facts of the pending Complaint and Third Party Complaint and Third Party Counterclaim that they would require, for example, new discovery, new motions to dismiss, new substantive motions, and new experts. Even though the Court is extending the trial date and various deadlines due to the impact of COVID-19, Defendants would still be required to essentially re-do all of their work in this case if the proposed amended were permitted.

Fifth, Movants have an alternative option available to them in that they can file a separate lawsuit; therefore, denial of the Motion does not prejudice them. In fact, the new allegations are more appropriately raised in a separate lawsuit rather than be included at this late date in this lawsuit. In sum, Movants will not be prejudiced in any way by the Court's denial of the amended pleading, whereas Defendants would be severely prejudiced if the Court allowed the amended pleading.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Expedited Motion by Plaintiffs, Partners Biomedical Solutions, LLC, MAC 15, LLC, and Third Party Counterclaim Plaintiffs, Gulf Coast Biomedical Services, LLC, and Robert Burke, for Leave to File Supplemental and Amended Pleading [DE 170] is **DENIED**. The Court's ruling is without prejudice to Movants' ability to file a separate lawsuit involving the new facts and claims that they seek to assert. In other words, this Order is not intended to preclude Movants from bringing Counts XV through XVIII in the proposed First Amended Complaint and Third Party Complaint and Third Party Counterclaim [DE 170-1], or any causes of action related thereto, in a separate lawsuit.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of November, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge