UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 19-cv-81316-MATTHEWMAN

PARTNERS BIOMEDICAL SOLUTIONS, LLC,
a Florida limited liability company, *et al.*,

    Plaintiffs,

vs.

EUGENE SALTSMAN, *et al.*,

    Defendants.
_____/

FILED BY KJZ D.C.
Apr 27, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' AMENDED STATEMENT OF MATERIAL FACTS [DE 294]

**THIS CAUSE** is before the Court upon the Motion by Defendants, Eugene Saltsman, Evan Saltsman, Alfa Two Holdings, LLC, Matrix Instrument Services, Inc. and Benjamin Chevere (collectively, "Defendants"), for Leave to File a Supplemental and Amended Statement of Material Facts in Opposition to Plaintiffs' Amended Statement of Material Facts ("Motion") [DE 294]. Plaintiffs, Partners Biomedical Solutions, LLC and MAC 15, LLC ("Plaintiffs"), filed a response [DE 296], and Defendants filed a reply [DE 298]. The matter is now ripe for review. The Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case.

### I.    MOTION, RESPONSE, AND REPLY

#### Motion

In the Motion, Defendants seek leave to amend Opponents' Statement of Material Facts in Opposition to Motion for Partial Summary Judgment. [DE 294, p. 2]. They contend that the

1

majority of the statements of material facts and additional facts they filed "contained appropriate citations to the record and were in strict compliance with Local Rule 56.1." *Id.* Defendants claim that, out of a total of 211 facts, only 20 did not have citations to the record. *Id.* They recognize that the purpose of Local Rule 56.1 "is to require the parties to make specific references to record evidence in order to prevent the Court from being forced to avoid combing through the record." *Id.* Therefore, Defendants request leave to amend their statement of material facts. *Id.*

Defendants argue that Local Rule 56.1(d) permits the amendment because the rule states: "[i]f a party files and serves any Statement of Material Fact that does not comply with this rule, then the Court may . . . require immediate compliance." *Id.* at 3; S.D. Fla. L.R. 56.1(d). Additionally, Defendants cite to Fed. R. Civ. P. 56(e), which states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact." *Id.* at 2. Furthermore, Defendants argue this is not a case where they completely neglected to support their statements. *Id.* at 3.

<u>Response</u>

In response, Plaintiffs contend that the Motion should be denied due to Defendants' failure to comply with Local Rule 56.1 and for failure to show good cause or excusable neglect. [DE 296, p. 2]. Plaintiffs argue that permitting the amendment would give Defendants "another bite at the apple" after Plaintiffs pointed out their failure to cite to the record. *Id.* at 3. Plaintiffs also rely on Local Rule 56.1(c) and argue that any statement not properly disputed may be deemed admitted if "(i) the Court finds that the material fact is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply." *Id.*; S.D. Fla. L.R. 56.1(c). Plaintiffs argue that, without providing any basis for a finding of good cause or excusable neglect, Defendants "are

avoiding the finality of the briefing allowed under Rule 56 and L.R. 56.1 and curing patent defects after-the-fact." *Id.* at 4.

Plaintiffs further assert that the Motion should be denied for Defendants' failure to comply with Local Rule 7.1(a)(3). [DE 296, p. 4]. They contend that Defendants were specifically required to comply with this rule by the Amended Pretrial Order [DE 233]. *Id.* at p. 5. According to Plaintiffs, Defendants failed to confer or make reasonable efforts to confer with Plaintiffs' counsel prior to the filing of this Motion and failed to file a certificate of conferral at the end of the Motion. *Id.* Because of this, Plaintiffs argue this Court should deny the Motion and impose sanctions, consisting of striking Defendants' Motion or denying it, and find that Plaintiffs are entitled to reasonable attorney's fees and costs associated with preparing their response. *Id.*

Reply

In their reply, Defendants argue Plaintiffs cite to an improper federal rule to support their argument that Defendants failed to prove good cause or excusable neglect. [DE 298, p. 2]. Specifically, they contend that Plaintiffs' reliance on Fed. R. Civ. P. 6(b)(1)(B) is misplaced because it relates to filing a motion for extension of time and does not apply to a motion for leave to amend. *Id.* Additionally, Defendants acknowledge their error in failing to make reasonable efforts to meet and confer and failing to include a certificate of conferral at the end of the Motion. *Id.* Defendants point out that, before Plaintiffs filed their Motion to Strike [DE 292], Plaintiffs' counsel emailed Defendants at 4:42 pm, only eighteen minutes before close of business, and filed the Motion to Strike that same evening at 9:29 pm. *Id.* Defendants also reason that Plaintiffs would have never agreed to all of the relief sought in the Motion. *Id.* In any event, Defendants claim that their failure to comply with L.R. 7.1 did not cause any prejudice to Plaintiffs. *Id.* Additionally,

3

they explain how the case relied on by Plaintiffs, *United States v. Marder*, No. 13-cv-24503, 2016 WL 2897407, at *7 (S.D. Fla. May 18, 2016), is distinguishable. *Id.* at pp. 3-4.

Finally, Defendants cite to case law where the court declined to grant a motion to strike for failure to provide a 7.1(a)(3) certification and where the court granted motions to strike only after multiple violations occurred. [DE 289, pp. 4–5]. Defendants further argue that L.R. 7.1(a)(3) does not require a motion to be "denied due to an inadvertent failure to provide a certification. . . . Rule 7.1(a)(3) provides that a violation of it *may* be cause to grant or deny a motion. There is no question that the Court has discretion with regard to a Rule 7.1(a)(3) violation." *Id.* at pp. 5–6. Accordingly, Defendants maintain that "this Court should exercise its discretion and determine Plaintiffs' motion for partial summary judgment on its merits." *Id.* at 6.

## II.   ANALYSIS

The Court has carefully considered the Motion, response, and reply. As an initial matter, the parties in this case are required to comply with the pre-filing requirements of Local Rule 7.1(a)(3). The relevant portion of the rule states that "the movant shall confer . . . or make reasonable effort to confer . . . with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). Thus, Defendant's counsel was required to certify at the end of the Motion that counsel had conferred or made reasonable efforts to confer with all affected parties or non-parties. *Id.* However, while "[t]he Court takes the pre-filing requirements of Rule 7.1(a)(3) seriously . . . the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court." *Nanotech Ent., Inc. v. R&T Sports Mktg., Inc.*, No. 14-61608-CIV, 2014 WL 12611203, at *3 (S.D. Fla. Sept. 24, 2014). While this Court requires parties to comply with L.R. 7.1(a)(3), the inadvertent failure of Defendants to do so does not warrant a denial of the

4

Motion or sanctions against Defendants given the specific facts before the Court. Defendants' failure to comply with S.D. Fla. L.R. 7.1(a)(3) did not prejudice Plaintiffs, as they responded to the Motion the day after it was filed. Also, this is not a case where Defendants have made numerous procedural missteps or multiple violations under the Local and Federal Rules. Under these circumstances, the Court finds that Defendants' failure to confer with counsel or certify this at the end the Motion was an inadvertent error that does not justify the denial of this Motion.

Next, "Federal Rule of Civil Procedure 56 and Local Rule 56.1 set forth the procedures for pleading (and responding to) a Motion for Summary Judgment." *Metro Worldwide, LLC v. ZYP, LLC*, No. 19-cv-81502, 2021 WL 1053389, at *2 (S.D. Fla. Jan. 22, 2021), *report and recommendation adopted in part, rejected in part,* No. 19-CV-81502, 2021 WL 1015960 (S.D. Fla. Mar. 17, 2021). Rule 56(e) states:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Furthermore, Local Rule 56.1 describes what the court may do when a party fails to controvert an undisputed fact and also describes the consequences of non-compliance. *See* S.D. Fla. L.R. 56.1(c), (d). Under L.R. 56.1(c):

> All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply.

S.D. Fla. L.R. 56.1(c).

Local Rule 56.1 (d) states that, if a party "files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate." The Court finds that the Motion is due to be granted.

Defendants have acknowledged their error and have made efforts to quickly comply with Local Rule 56.1 by filing this Motion. Furthermore, as Defendants have explained, this is not a case where counsel had a complete disregard for the rules and failed to cite to the record at all. Here, only 20 statements of fact required citations to the record. Additionally, as specified in S.D. Fla. L.R. 56.1, an exception under Fed. R. Civ. P. 56 applies. Rule 56(e) provides this Court with discretion to give Defendants an opportunity to properly support or address a fact that was previously unsupported. Fed. R. Civ. P. 56(e)(1). Providing Defendants with the opportunity to amend and supplement their statement of material facts will not delay this case and will allow this Court to decide the cross motions for summary judgment on the merits.

## III.　CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Leave to File Supplemental and Amended Statement of Material Facts in Opposition to Plaintiffs Amended Statement of Material Facts [DE 294] is **GRANTED.**

2. Defendants shall file the proposed amended document as a separate docket entry for clarity of the record.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of April 2021.

/s/ William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge