UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 19-cv-81316-MATTHEWMAN

PARTNERS BIOMEDICAL SOLUTIONS, LLC,
a Florida limited liability company, *et al.*,

    Plaintiffs,

vs.

EUGENE SALTSMAN, *et al.*,

    Defendants.

_____/

FILED BY KJZ D.C.

Nov 5, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING MOTION BY PLAINTIFFS AND BY COUNTER-DEFENDANTS FOR MISSING WITNESS JURY INSTRUCTION [DE 369] AS TO DEFENDANT EVAN SALTSMAN

**THIS CAUSE** is before the Court upon the Plaintiffs/Counter-Defendants, Partners Biomedical Solutions, LLC and MAC 15, LLC's and Counter-Defendants, Robert Burke and Gulf Coast Biomedical, LLC's (collectively, "Movants") Motion for Missing Witness Jury Instruction ("Motion") [DE 369]. During the course of the jury trial, the Court, for the reasons stated on the record in open court, orally denied the Motion filed by Movants for a missing witness instruction as to Evan Saltsman. This written Order follows to more fully explain the Court's reasoning

### I.    BACKGROUND

Movants sued Defendant Evan Saltsman and several other parties in this action. Defendant Evan Saltsman answered the Complaint, and he filed affirmative defenses and a counterclaim.[1] Mr. Saltsman also sat for a sworn pretrial discovery deposition, and the timely-designated portions of his deposition were admitted into evidence by Movants during trial. However, Mr. Evan

---

[1] The two counts of Evan Saltsman's counterclaim were dismissed by the Court at the close of all of the evidence at trial pursuant to Fed.R.Civ.P. 50.

Saltsman did not personally appear in Court during this trial, although he has been represented throughout this case and at trial by his counsel, Eric A. Rosen, Esq. and Laurie Ann Thompson, Esq.

Movants assert that, since Defendant Evan Saltsman did not personally appear in court for the jury trial, they are entitled to a missing witness instruction.

## II.     MOVANT'S ARGUMENT

In the Motion, Movants primarily rely on the case of *Jones v Otis Elevator Co.*, 861 F.2d 655, 658 (11th Cir. 1988), in requesting that the Court provide the jury with a "missing witness" jury instruction as to Defendant Evan Saltsman. Movants argue that since Defendant Evan Saltsman did not personally attend the jury trial in this case that lasted from October 25, 2021, through November 3, 2021[2], Evan Saltsman was practically unavailable to them, while he was available to the other Defendants, Eugene Saltsman (his father) and Alfatwo, by virtue of the Defendants' relationship to Evan. *Id.* at 3. Movants also state they made over 15 attempts at service of a trial subpoena upon Evan in both New York and Florida. *Id.*

## III.     COURT'S ANALYSIS

The Motion is due to be denied on several grounds, as stated on the record during trial and as further discussed in this written Order.

First, this litigation is civil, and not criminal, in nature. Parties have no constitutional right to testify at their own civil trial, and they need not always testify in person. *U.S. v. Approximately $299,873.70 Seized From a Bank of Am. Acct.*, No. 20-11107, 2021 WL 4770101, at *5 (11th Cir. Oct. 13, 2021). The Supreme Court has explained that "the right to be heard[ ] entitles the parties ... to be present in person *or by counsel* at all proceedings." *Fillippon v. Albion Vein Slate Co.*, 250

---

[2] The Motion was filed on October 31, 2021, more than halfway through the trial.

U.S. 76, 81, 39 S.Ct. 435, 63 L.Ed. 853 (1919) (emphasis added). Because "our system of representative litigation," *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), bears "the sanction of settled usage both in England and in this country," we may "take[ ] to be due process of law" the presence of an attorney at a civil trial in the place of the litigant himself. *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 619 (1990) (plurality opinion) (quoting *Hurtado v. California*, 110 U.S. 526, 528 (1884); *see Davidson v. Desai*, 964 F.3d 122, 129 (2d Cir. 2020) (explaining that a represented civil litigant's "opportunity ... to present his case to the court ... typically can be accomplished even when the litigant is not physically present at the courthouse" (internal quotation marks omitted)); *Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984) ("The right to access [the courts] does not necessarily mean the right to be physically present at the trial of a civil suit."). When a party is represented at trial, they have received a meaningful opportunity to be heard. *U.S. v. $299,873.70 Seized From a Bank of Am. Acct.*, 2021 WL 4770101, at *5 (11th Cir. 2021). Even though he never stepped one foot into the Courtroom during trial, Evan Saltsman did, in fact, appear at his trial through his counsel, which is permissible under the law. He chose to waive his personal presence at trial, which is also permissible under the law. If there was ever any doubt about this principle of law, the Eleventh Circuit recently reiterated it in a published opinion last month. *U.S. v. Approximately $299,873.70 Seized From a Bank of Am. Acct.*, *supra.*

Second, the Eleventh Circuit's holding regarding the propriety of the missing witness jury instruction in *Jones*, 861 F.2d 655, is inapplicable under the facts of this case as *Jones* is distinguishable from the case at hand. That case dealt with missing witnesses—not missing parties. Furthermore, the *Jones* opinion stated that a "witness is unavailable in a practical sense when his relationship is such that it creates bias or hostility against the opposing party" and further explained

3

that "the employer-employee relationship is recognized as one creating practical unavailability." *Id.* at 659–60. Here, Evan Saltsman is the adult son of Defendant/Counter-Plaintiff Eugene Saltsman. However, the nature of the father-son relationship is very different from that of the employer-employee relationship. A father clearly does not have control over his adult son in the same way that an employer has economic control over its employee.

Third, the missing witness instruction should only be given where "the witness is either actually unavailable to the party seeking the instruction or so obviously partial to the other side that the witness [though technically available] is deemed to be legally unavailable." *Latin Am. Music Co. v. Am. Soc. of Composers Authors & Publishers*, 593 F.3d 95, 102 (1st Cir. 2010) (quoting *United States v. Perez,* 299 F.3d 1, 3 (1st Cir. 2002)). A witness is not missing if he has been deposed, and his deposition is admitted into evidence at trial. *Latin Am. Music Co.*, 593 F.3d at 102. In the case at hand, Evan Saltsman sat for his deposition in October 2020, and the deposition designations and counter-designations were read to the jury at trial. Additionally, the redacted deposition transcript was sent back with the jurors during their deliberations. Movants could have opted to timely designate more of Evan Saltsman's deposition as evidence at trial and chose not to do so. Thus, Evan Saltsman was not truly "missing" at trial. He was present at trial through counsel and he testified at trial via deposition.

Finally, the Affidavit of Due Diligence [DE 369-2] attached to the Motion establishes that Movants did not begin attempting to serve Evan Saltsman with a trial subpoena until October 25, 2021, which was also the first day of the jury trial. The jury trial in this case was specially set for a seven-day period commencing October 25, 2021, in an Order dated November 23, 2020, which Order was entered almost an entire year prior to the commencement of the trial. Movants have not established any good cause for failing to have Evan Saltsman served with the trial subpoena

months ago. Moreover, there was no Court Order in place requiring Defendant Evan Saltsman to appear at the trial.

## IV. CONCLUSION

In sum, Evan Saltsman was not actually a missing witness at trial. He was a defendant who appeared through counsel and then testified through his deposition testimony. Thus, the missing witness instruction is wholly inappropriate.

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion by Plaintiffs and by Counter-Defendants for Missing Witness Jury Instruction [DE 369] is **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of November 2021.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge