UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-cv-81316-MATTHEWMAN

PARTNERS BIOMEDICAL SOLUTIONS, LLC,
a Florida limited liability company, *et al.*,

      Plaintiffs,

vs.

EUGENE SALTSMAN, *et al.*,

      Defendants.

_____/

FILED BY_____ KJZ _____D.C.

Dec 3, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING OMNIBUS MOTION BY PLAINTIFFS AND COUNTER-DEFENDANTS FOR RENEWED JUDGMENT AS A MATTER OF LAW, FOR JUDGMENT NOTWITHSTANDING THE VERDICT, FOR A NEW TRIAL, AND ALTERNATIVELY FOR RELIEF FROM JUDGMENT [DE 392]

**THIS CAUSE** is before the Court upon Plaintiffs, Partners Biomedical Solutions, LLC ("PBS") and MAC 15, LLC's ("MAC 15") (collectively, "Plaintiffs"), and Counter-Defendants, PBS, Mac 15, Robert Burke, and Gulf Coast Biomedical, LLC ("Gulf Coast") (collectively, "Counter-Defendants"), Omnibus Motion for Renewed Judgment as a Matter of Law, for Judgment Notwithstanding the Verdict, for a New Trial, and Alternatively for Relief from Judgment [DE 392]. Defendants/Counter-Plaintiffs, Eugene Saltsman, Evan Saltsman, and Alfatwo Holdings, LLC ("Alfatwo") (collectively, "Defendants/Counter-Plaintiffs") have filed a response [DE 397], and Plaintiffs and Counter-Defendants have filed a reply [DE 398]. The matter is now ripe for review, and the Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case.

1

## I.   BRIEF PROCEDURAL HISTORY OF THE CASE

On September 17, 2021, the Court entered an Order on the Parties' Motions for Summary Judgment [DE 310] and granted summary judgment in Defendants/Counter-Plaintiffs' favor on several counts of the Complaint [DE 1]. An eight-day jury trial was then held from October 25, 2021, through November 3, 2021. On November 2, 2021, at the close of the evidence pertaining to the Counterclaim, Plaintiffs and Counter-Defendants made an *ore tenus* Rule 50 motion. [DE 383]. The Court reserved ruling as to their arguments on Counts XII, XIII, XIV, XV, XVII, XVIII, XIX and XXIV of the Counterclaim. *Id.*

The jury reached its verdict on November 3, 2021. [DE 385]. The jury found in favor of certain of the Plaintiffs on Counts I, II, III, IV, VIII, X, and XIV of the Complaint. *Id.* The jury found in favor of Defendants on Counts V, VI, VII, and XI of the Complaint. *Id.* The jury found in favor of Counter-Plaintiff Alfatwo on Count XVIII of the Counterclaim [DE 21] and in favor of Counter-Defendants on Counts III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVII, XIX, XX, XXII, XXIV, and XXVII of the Counterclaim. *Id.* For Count VII of the Counterclaim, the jury found in favor of Counter-Plaintiff Eugene Saltsman but determined that a defense had been established and awarded no damages to Eugene Saltsman. *Id.*

## II.   PLAINTIFFS AND COUNTER-DEFENDANTS' MOTION [DE 329]

Plaintiffs and Counter-Defendants are requesting that the Court enter a judgment as a matter of law in favor of Dr. Burke, enter a judgment notwithstanding the verdict in favor of Dr. Burke, or order a new trial as to Count XVIII of the Counterclaim. [DE 392 at 5-11]. Next, they seek entry of a judgment notwithstanding the verdict in favor of Plaintiffs or a new trial as to Counts VI, VII, and XI of the Complaint. *Id.* at 11-15. Finally, Plaintiffs and Counter-Defendants argue pursuant to Rules 50(b), 59, and 60 that the Court erred in ruling in its Order on Motions for

2

Summary Judgment and at trial that Evan Saltsman and Matrix Instruments, LLC, were not bound by the PBS Operating Agreement. *Id.* at 16-18. They contend that all counts against Evan Saltsman should have proceeded to trial. *Id.* at 17-18.

### III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 50(a),

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a). Rule 50(a) "is the mechanism for defendants to challenge the sufficiency of a plaintiff's evidence at and after the close of the evidence." *Peer v. Lewis*, No. 06-60146-CIV-EGT, 2008 WL 2047978, at *3 (S.D. Fla. May 13, 2008).

A party may then renew its motion under Rule 50(b). "[A]ny renewal of a motion for judgment as a matter of law under Rule 50(b) must be based on the same grounds as the original request for judgment as a matter of law prior to the case being submitted to the jury." *Peer*, 2008 WL 2047978, at *3 (citing *Chaney v. City of Orlando,* 483 F.3d 1221, 1227 (11th Cir. 2006)) (internal citations and quotations omitted). Renewed motions for judgment as a matter of law pursuant to Rule 50(b) are reviewed under the same standard as Rule 50(a). *Id.* "A district court should grant judgment as a matter of law when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." *Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 432 F. Supp. 2d 1319, 1332 (S.D. Fla. 2006) (citing *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1279 (11th Cir. 2005)). On the other hand, "the Court should deny the motion if the plaintiff presents enough

evidence to create a substantial conflict in the evidence on an essential element of the plaintiff's case." *Id.* (internal quotations omitted).

Additionally, a motion for judgment as a matter of law made for the first time after a jury verdict is governed by Rule 50(b). To succeed under Rule 50(b), the movant must show that no reasonable jury could find that the evidence was sufficient to support the verdict. *Chaney*, 483 F.3d at 1227. In reviewing this motion, "the court must examine the whole record in a light most favorable to the party opposing the motion. A directed verdict is appropriate only when there can be but one reasonable conclusion as to the verdict." *Pelletier v. Stuart-James Co., Inc.*, 863 F.2d 1550 (11th Cir. 1989) (quoting *Dempsey v. Auto Owners Ins. Co.*, 717 F.2d 556, 559 (11th Cir. 1983)).

Rule 59(a)(1)(A) provides that the court "may, on motion, grant a new trial on all or some of the issues—and to any party. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "When ruling on a Rule 59(a) motion for new trial, the trial judge must determine 'if in his opinion, the verdict is against the clear weight of the evidence ... or will result in a miscarriage of justice.'" *Cardona v. Mason & Dixon Lines, Inc.*, No. 16-22704-CIV, 2017 WL 3842599, at *1 (S.D. Fla. Sept. 1, 2017), *aff'd*, 737 F. App'x 978 (11th Cir. 2018) (citing *Ins. Co. of N.A. v. Valente*, 933 F.2d 921, 923 (11th Cir. 1991)) (internal citations omitted).

Finally, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct

4

by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## IV.    DISCUSSION AND ANALYSIS

### A.    Rule 50(a), Rule 50(b), and Rule 59[1] Motions Regarding Counterclaim Count XVIII

In Count XVIII of the Counterclaim, Counter-Plaintiff Alfatwo alleged breach of contract under section 2.5 of the PBS Operating Agreement against Dr. Burke. [DE 21 at 61-62]. The jury found in favor of Alfatwo and awarded it $200,000 in damages. [DE 385 at 26]. In their Motion, Counter-Defendants argue that there was no evidence in the record to support a reasonable jury's conclusion that Dr. Burke is individually responsible for the conduct alleged in Count XVIII, that Dr. Burke's defenses to this count were established by the evidence, and that the verdict in this count is inconsistent with the remainder of the verdict. [DE 392 at 6-11].

In response, Defendants/Counter-Plaintiffs first point out that "Plaintiffs/Counter Defendants completely ignore the fact that there was a joinder provision to the PBS Operating Agreement which provides that Dr. Burke was personally responsible for the obligations set forth in section 3.5 of the PBS Operating Agreement." [DE 397 at 4]. Next, they argue that "[t]here was more than ample evidence to show that Dr. Burke failed to provide the required working capital to Gulf Coast" and "that Dr. Burke actually took significantly more money from Gulf Coast than he provided." *Id.*

---

[1] To the extent Plaintiffs and Counter-Defendants are also moving under Rule 60, *see* 398 at 9-10, no Order or Judgment regarding the jury verdict has been entered at this juncture, and Rule 60 does not apply.

In reply, Counter-Defendants assert that, even after the joinder, Section 3.5 only designated PBS, and not Dr. Burke, as the party tasked with determining whether financing was required. [DE 398 at 1-2]. They also argue that there was no evidence presented to support piercing the corporate veil. *Id.* at 3-5. Finally, they maintain that the evidence at trial supported Dr. Burke's affirmative defenses of impossibility, impracticability and Alfatwo causing its own damages. *Id.* at 5-6.

The Court has carefully reviewed the Joinder [DE 397-1] filed by Defendants/Counter-Plaintiffs. It states that the parties signing the document, which included Robert D. Burke, "hereby join in the Agreement for the sole and limited purposes of agreeing to be bound by the terms and conditions of Section 3.5 thereof." *Id.* Regardless of the parties' dueling interpretations of the Joinder, the Court simply cannot find that a reasonable jury would not have a legally sufficient evidentiary basis to find in favor of Alfatwo as to this issue. The Court finds that sufficient evidentiary support, by way of testimony, documents and exhibits, was presented at trial by Alfatwo to support Count XVIII of the Counterclaim. Moreover, on this record, the Court cannot possibly make a finding that Alfatwo presented no legally sufficient evidentiary basis for a reasonable jury to find for it on a material element of its cause of action. Additionally, given the facts in front of it, the Court cannot make a finding that the verdict is against the clear weight of the evidence or will result in a miscarriage of justice. Finally, Plaintiffs and Counter-Defendants state in their Motion that "it is worth noting that the verdict form was long and the claims complicated, such that the Court should not be reluctant to enter the relief requested herein." [DE 392 at 11]. The Court points out that the parties themselves drafted the jury verdict form and are also responsible for the complexity of the claims in this case.

6

B.  Rule 50(b) and Rule 59[2] Motions Regarding Count XI of the Complaint

In Count XI of the Complaint, PBS and MAC 15 allege violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against Eugene Saltsman and Alfatwo. [DE 1 at 72-73]. In their Motion, Plaintiffs argue that "there was testimony, unrebutted, that the conspiracy and tortious interference by Defendants caused harm to consumers because PBS could not fulfill the customer service contracts, forcing PBS to transfer the contracts to Perkins Biomedical to save PBS from the liabilities associated with fulfilling the contracts, while attempting to preserve customer good will." [DE 392 at 13]. They also point out that "PBS and MAC 15 were successful in obtaining a verdict establishing the existence of a conspiracy by Eugene Saltsman and Evan Saltsman to interfere with contract, interfere with other relations, and to prevent competition (Complaint, Count X)" and that "PBS was also successful in obtaining a verdict that Eugene Saltsman tortuously interfered with customer relations. (Complaint, Count VIII)." *Id.* According to Plaintiffs, "[t]hese are the requisite 'unfair practice' and 'deception' in conjunction with the first element of a FDUTPA claim." *Id.*

In response, Defendants/Counter-Plaintiffs contend there was no evidence of harm to consumers. [DE 397 at 5]. They argue that "[t]here was no evidence of any customer that could not get its equipment repaired. In fact, the evidence showed that the customers all could have had their equipment repaired, either by Perkins Biomedical Solution, LLC, or by Matrix. *Id.* at 6. Defendants/Counter-Plaintiffs further contend that "[a] reasonable jury most certainly could decide in favor of Mr. Saltsman and Alfatwo on this claim. There is no miscarriage of justice. The Jury's Verdict was supported by the clear weight of the evidence." *Id.*

---

[2] To the extent Plaintiffs and Counter-Defendants are also moving under Rule 60, *see* 398 at 10-11, no Order or Judgment regarding the jury verdict has been entered at this juncture, and Rule 60 does not apply.

In reply, Plaintiffs explain that case law has established the standing of business competitors such as Plaintiffs to bring a FDUTPA claim. [DE 398 at 6]. They also assert that, at trial, the evidence showed that "actual customer confusion had occurred to the detriment of consumers." *Id.* at 7.

To prevail on a FDUTPA claim, a plaintiff must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018) (citing *Hucke v. Kubra Data Transfer, Corp.*, 160 F.Supp.3d 1320, 1328 (S.D. Fla. 2015)). "A deceptive act or practice is 'one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Hucke*, 160 F.Supp.3d at 1328. To establish a traditional FDUTPA violation, the plaintiff must show that the defendant engaged in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1); *Feheley v. LAI Games Sales, Inc.*, No. 08-cv-23060, 2009 WL 2474061, at *5 (S.D. Fla. Aug. 11, 2009).

Having reviewed the whole record in a light most favorable to Defendants/Counter-Plaintiffs, the Court finds that a directed verdict is not appropriate. Here, there is not but one reasonable conclusion as to the verdict. Additionally, the verdict is not against the clear weight of the evidence and will not result in a miscarriage of justice. The jury could have reasonably found in favor of Plaintiffs with regard to conspiracy and tortious interference but still found against Plaintiffs on this FDUTPA count since the elements of the three causes of action differ.

8

C.  Rule 50(b) and Rule 59(a) Motions Regarding Count VII of the Complaint

In Count VII of the Complaint, PBS and MAC 15 allege fraud in the performance of the PBS Operating Agreement against Eugene Saltsman and Alfatwo. [DE 1 at 63-66]. In the Motion, Plaintiffs assert that "[t]he substantial weight of the evidence adduced at trial was that the violation of one or more of the Restrictive Covenants of the Operating Agreement occurred, and the twenty-six verdicts in favor of PBS, Mac 15, Dr. Burke and Gulf Coast support that conclusion." [DE 391 at 14]. Plaintiffs also describe the evidence that they believe supports their position that the Court should enter judgment notwithstanding the verdict or order a new trial on this claim. *Id.* at 14-15.

In response, Defendants/Counter-Plaintiffs argue that Plaintiffs have "literally [made] up facts and evidence." [DE 397 at 6]. Defendants/Counter-Plaintiffs contend that "[t]here was no evidence of any mis-statement of fact made by Mr. Saltsman or Alfatwo to Partners or MAC 15, LLC which Partners and MAC 15, LLC relied upon to induce them to participate in mediation to their detriment. In fact, the evidence shows that the Plaintiffs/Counter Defendants were not 'induced' to engage in the dispute resolution process," but rather "were contractually required to do so." *Id.* at 7. They also contend that there "was no evidence of any solicitation until after the mediation occurred." *Id.* According to the response, "[t]his Court can easily find that a reasonable jury could decide in favor of Mr. Saltsman and Alfatwo on these counts. A judgment notwithstanding the verdict is inappropriate. Similarly, the clear weight of the evidence supports the Jury's Verdict." *Id.*

In reply, Plaintiffs argue that the evidence shows that Gene Saltsman and Alfatwo continued their misconduct after the resolution mechanism of the Operating Agreement was triggered in February of 2019, and this "misconduct occurred while those Defendants were prevented from soliciting and competing by the Restrictive Covenants of the SPA and the

Operating Agreement." [DE 398 at 8]. Plaintiffs maintain that "Defendants knew these omissions to be false, intended Plaintiffs to rely upon them (by Plaintiffs refraining from not filing for emergent injunctive relief and instead participating in the dispute mechanism), and Plaintiffs justifiably relied upon those omissions, to Plaintiffs' detriment (because Defendants gained time to build the Matrix business with Gulf Coast customers and field service engineers)." *Id.*

Having reviewed the whole record in a light most favorable to Defendants/Counter-Plaintiffs, the Court finds that a directed verdict is not appropriate. Here, there is not but one reasonable conclusion as to the verdict. Additionally, the verdict is not against the clear weight of the evidence and will not result in a miscarriage of justice. The jury could have found in favor of Plaintiffs with regard to other counts but still found against Plaintiffs on this fraud in the performance of the PBS Operating Agreement count given the evidence presented at trial and the varying elements of the different counts in the Complaint.

### D. Rule 50(b) and Rule 59(a) Motions Regarding Count VI of the Complaint

In Count VI of the Complaint, PBS and MAC 15 allege fraud in the performance of the Stock Purchase Agreement against Eugene Saltsman. [DE 1 at 60-63]. According to the Motion, "[t]he evidence adduced at trial was that violation of one or more of the Restrictive Covenants of the SPA occurred, and there is no other reasonable conclusion, given the July's verdict as to Counts VIII and X (tortious interference and conspiracy)." [DE 392 at 15].

In response, Defendants/Counter-Plaintiffs make the same arguments mentioned in Section C of this Order. In reply, Plaintiffs and Counter-Defendants also make the same arguments mentioned in Section C of this Order.

Once again, having reviewed the whole record in a light most favorable to Defendants/Counter-Plaintiffs, the Court finds that a directed verdict is not appropriate. Here, there

is not but one reasonable conclusion as to the verdict. Additionally, the verdict is not against the clear weight of the evidence and will not result in a miscarriage of justice. The jury could have found in favor of Plaintiffs with regard to other counts but still found against Plaintiffs on this fraud in the performance of the Stock Purchase Agreement count given the evidence presented at trial and the varying elements of the different counts in the Complaint.

### E. Rule 50(b), Rule 59(a), and Rule 60(b) Motions Regarding Evan Saltsman

Plaintiffs argue that "Rule 60(b) allows this Court to relieve Plaintiff of its previous order and judgment as to Evan Saltsman because it has now been adjudicated that Evan Saltsman engaged in misconduct (Rule 60(b)(3)), or alternatively, because the other twenty-six (26) verdicts in favor of PBS, Mac 15, Dr. Burke and Gulf Coast, as discussed herein above, render the prior order and judgment of this Court inconsistent with the findings of the Jury, for which the Court may grant relief pursuant to Rule 60(b)(6)." [DE 392 at 16]. Plaintiffs request that the Court vacate its "finding Evan Saltsman was not bound by the Restrictive Covenants of the PBS Operating Agreement." *Id.* Plaintiffs maintain that, under Florida law, "non-signatories may be bound to agreements by signatories when there is a close familial relationship or some other relationship or scheme binding together the signatory and the non-signatory." *Id.* at 16-17. Finally, Plaintiffs contend that, "[g]iven the substantial weight of the evidence, which resulted in verdict in favor of the Moving Parties that Gene and Evan Saltsman had conspired to tortiuously interfere with customer relations, conspired to interfere with other contractual relationships, and conspired to prevent competition (Count X the Complaint), and given the law in Florida, the Court should not have dismissed the Counts of the Complaint against Evan Saltsman and should have allowed those claims to proceed to trial by Jury." *Id.* at 17.

In response, Defendants/Counter-Plaintiffs first argue that "Rule 60(b)(1) does not support

11

the Plaintiff/Counter Defendants' Motion because there has been no allegation of a mistake or excusable neglect on behalf of any party." [DE 397 at 13]. Next, they argue that, pursuant to the applicable law, "Evan cannot be held personally liable for obligations under contracts he did not sign," and the Court made no mistake in its Order on summary judgment. *Id.* at 14. Defendants/Counter-Plaintiffs also argue that Plaintiffs/Counter-Defendants have misapplied Rule 60(b)(3) because any fraud, misrepresentation or misconduct must relate to the conduct of the litigation and not the underlying claims in the litigation. *Id.* According to the response, no relief should be granted under Rule 60(b)(6) because no exceptional circumstances exist and the Jury's verdict is "not inconsistent with the Court's ruling on Summary Judg[]ment." *Id.* at 15. Defendants/Counter-Plaintiffs emphasize that the "fact that the jury found that there was a conspiracy between Evan and Mr. Saltsman does not mean that Evan is bound by restrictive covenants that were in contracts he did not sign." *Id.*

In reply, Plaintiffs claim that their analysis of Florida law is, indeed, correct and that Evan Saltsman was bound to abide by the restrictive covenants of the Operating Agreement. [DE 398 at 8-9]. They contend that "Defendants have not successfully rebutted that Evan can be bound, by injunction, to abide by the Restrictive Covenants of the Operating Agreement. A non-signatory to a covenant will be bound because a covenantor will not be allowed to do through others what he or she could not do directly." *Id.*

First, neither Rule 50(b) nor Rule 59(a) are applicable here. The Court disposed of certain counts against Evan Saltsman on summary judgment and these counts against Evan Saltsman that never went to trial.

As to Rule 60(b), there has been no mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time

to move for a new trial under Rule 59(b); or fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party here. Therefore, the only possible prong that Plaintiffs can proceed under is Rule 60(b)(6), which provides that the Court may relieve a party from an order for "any other reason that justifies relief." At issue is the fact that the Court granted summary judgment in favor of Evan Saltsman as to Counts II (breach of the PBS Operating Agreement), IV (breach of co-members' statutory duties of loyalty), VIII (tortious interference with customer relations), IX (tortious interference with employee and contractor contractual relations), XI (violation of FDUTPA), XII (violation of the Defend Trade Secrets Act), XIII (violation of the Florida Uniform Trade Secrets Act), and XIV (unjust enrichment and enjoinment) of the Complaint. [DE 310 at 46-47]. The Court explicitly found that Evan Saltsman did not qualify as an "Affiliate" under the PBS Operating Agreement. *Id.* at 16.[3]

Plaintiffs have cited Florida law in their Motion which was never cited at the summary judgment stage. At the summary judgment stage, they relied on the argument that Evan Saltsman did, in fact, qualify as an "Affiliate" under the PBS Operating Agreement. That alone requires the denial of their Motion as they have waived their current argument. Parties cannot be permitted to deficiently brief an issue at summary judgment and then file a Rule 60(b) motion to later fix their mistake. That is a waste of judicial resources and is not the intent of the rule.

Although not required, the Court has reviewed the Florida cases cited by Plaintiffs. This body of Florida law is not applicable in this case, as the cases pertain to enjoining non-parties to a non-compete agreement, such as a family member of the signator or an alter ego corporation, where the nonparty is either under the signator's control or otherwise being used to aid or abet the

---

[3] However, there were other bases for granting summary judgment in favor of Evan Saltsman as to Counts XII, XIII, and XIV in addition to the fact that he was not bound by the restrictive covenants.

signator in violating the non-compete clause. *See Winmark Corp. v. Brenoby Sports, Inc.*, 32 F. Supp. 3d 1206, 1221 (S.D. Fla. 2014) (citing several Florida cases also relied on by Plaintiffs). As the cases relied on by Plaintiffs pertain to enjoining non-parties and not to situations where a plaintiff is seeking monetary damages against a non-party for causes of action including breach of contract, breach of co-members' statutory duties of loyalty, tortious interference with customer relations, and violation of FDUTPA, those cases are clearly distinguishable. Additionally, there was no evidence presented at the summary judgment stage that Evan Saltsman was under Eugene's "control" or even that he was "being used to aid or abet" Eugene Saltsman in violating the non-compete clause.

Furthermore, Evan Saltsman's alleged "conspiratorial relationship" with Eugene Saltsman was dealt with in the conspiracy count (Count X), which the Court permitted to proceed to trial and upon which Plaintiffs prevailed against Eugene Saltsman and Evan Saltsman.

Even if the Florida cases cited in the Motion were applicable and even if Plaintiffs had properly raised the issue at the summary judgment stage, the Court would not adopt a legal theory that a father can bind his adult son to a written contract when the son is not a signatory and he does not fit within the written definition of an "Affiliate" under the contract.

Finally, as Plaintiffs and Counter-Defendants have not made any actual argument under Rule 60 as to Matrix Instruments, there is no need to discuss Matrix in this Order.

## V.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Omnibus Motion by Plaintiffs and Counter-Defendants for Renewed Judgment as a Matter of Law, for Judgment Notwithstanding the Verdict, for a New Trial, and Alternatively for Relief from Judgment [DE 392] is **DENIED**.

It is further **ORDERED** that, on or before **December 10, 2021**, any party seeking entry of a final judgment shall file a motion for entry of judgment together with a proposed judgment for the Court's consideration. The certificate of conferral shall clearly state the position of the opposing party or parties. The parties are directed to confer in good faith and attempt to agree on the form of any proposed final judgment(s). If opposed, any response to any motion for judgment shall be filed on or before **December 15, 2021**, and any reply shall be filed on or before **December 17, 2021**. No extensions shall be permitted absent the most extraordinary circumstances.

Finally, on May 26, 2020, the following counts in the Counterclaim were stayed by the prior presiding judge: Counter-Plaintiff Eugene Saltsman's counterclaims for (1) fraudulent transfer pursuant to §726.105(1)(a), Florida Statutes against Plaintiff/Counter-Defendant Partners Biomedical Solutions, LLC, Third-Party Defendant Gulf Coast Biomedical, LLC, and Third-Party Defendant Perkins Biomedical Services, LLC (Court XXIII); (2) fraudulent transfer pursuant to §726.105(1)(b), Florida Statutes against Plaintiff/Counter-Defendant Partners Biomedical Solutions, LLC, Third-Party Defendant Gulf Coast Biomedical, LLC, and Third-Party Defendant Perkins Biomedical Services, LLC (Court XXV); and (3) fraudulent transfer pursuant to §726.106(1), Florida Statutes against Plaintiff/Counter-Defendant Partners Biomedical Solutions, LLC, Third-Party Defendant Gulf Coast Biomedical, LLC, and Third-Party Defendant Perkins Biomedical Services, LLC (Court XXVI). [DE 114]. The Court anticipates that Counter-Plaintiffs will move to voluntarily dismiss these claims in light of the jury verdict. However, so that the Court is fully informed, Counter-Plaintiffs shall file a status report on or before **December 10, 2021**, advising the Court of how they wish to proceed on these counts. If Counter-Plaintiffs will be abandoning those counts, they should also file an appropriate notice of, or motion for, dismissal of said counts by that date.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida,

this 3rd day of December 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge