UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-cv-81316-MATTHEWMAN

PARTNERS BIOMEDICAL SOLUTIONS, LLC,
a Florida limited liability company, *et al.*,

    Plaintiffs,

vs.

EUGENE SALTSMAN, *et al.*,

    Defendants.

_____/

**ORDER ON PLAINTIFF/COUNTER-DEFENDANTS' AND THIRD-PARTY DEFENDANTS' BILL OF TAXABLE COSTS [DE 414]**

THIS CAUSE is before the Court upon Plaintiffs/Counter-Defendants, Partners Biomedical Solutions, LLC ("PBS") and MAC 15, LLC's ("MAC 15") (collectively, "Plaintiffs"), and Third-Party Defendants, Gulf Coast Biomedical Services, LLC and Dr. Robert Burke (collectively, "Third-Party Defendants") Bill of Taxable Costs [DE 414]. No response or objections have been timely filed.

### I.    BACKGROUND

After a jury trial in this case and the Court's Rulings on Rule 50 motions, Plaintiffs prevailed on Counts I, II, III, IV, VIII, X, and XIV of their Complaint, and Third-Party Defendants prevailed on all but one count (Count XVIII) of the Counterclaim. *See* DE 410. Final Judgment was entered on December 22, 2021. Thereafter, on January 20, 2022, Plaintiffs and Third-Party Defendants[1] filed the pending Motion [DE 414].

---

[1] For the remainder of this Order, the Court will refer to Plaintiffs and Third-Party Defendants collectively as

The Motion seeks taxable costs pursuant to 28 U.S.C. § 1920, S.D. Fla. 7.3, and Federal Rule of Civil Procedure 54. Attached to the Motion are a Bill of Costs and the supporting documentation.

## II.    LITIGATION EXPENSES AND COSTS

Movants request a total of $15,535.14 in costs and specifically seeks the following taxable costs: (1) $400 in fees of the clerk; (2) $644.30 in fees for service of summons and subpoena; (3) $8,230.87 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (4) $6,179.97 in fees and disbursements for printing; and (5) $80 in fees for witnesses. [DE 414]. In their Motion, Movants generally describes the nature of the costs sought to be recovered and the reasons why those costs were incurred. *Id.* Defendants/Counter-Plaintiffs failed to file a timely response to the Motion.[2]

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). There is a "strong presumption" in favor of awarding costs to prevailing parties. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).

---

"Movants."

[2] Regardless of whether Defendants/Counter-Plaintiffs object to certain costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)).

"To be a prevailing party, one need only obtain some relief on the merits of his claim." *Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 0:19-CV-61306-RAR, 2021 WL 633217, at *2 (S.D. Fla. Jan. 26, 2021), *report and recommendation adopted,* No. 19-CV-61306-RAR, 2021 WL 617003 (S.D. Fla. Feb. 16, 2021) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603–05 (2001) (a prevailing party needs a judgment or consent decree to prove that there has been an "alteration in the legal relationship of the parties.")). Here, Movants are the prevailing parties, as evidenced by the Jury Verdict [DE 385] and Final Judgment [DE 410] and as laid out in Exhibit 5 to the Motion [DE 414-5].

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

(1) Fees of the Clerk and Marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

  B. Analysis

  1. Fees of the Clerk

Movants seek $400 for their filing fee. [DE 414 at 2]. This fee clearly falls within the scope of section 1920(1). *See* 20 U.S.C. § 1920; *see also Am. Contractors Indem. Co. v. Arriaga Steel,*

*Inc.,* No. 20-61107-CIV, 2022 WL 347671, at *2 (S.D. Fla. Jan. 14, 2022), *report and recommendation adopted,* No. 20-61107-CIV, 2022 WL 344604 (S.D. Fla. Feb. 4, 2022).

   2. *Service of Process of Subpoenas*

Movants seek $644.30 in fees for service of summonses and subpoenas. [DE 414 at 9]. 28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 623–24 (11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3) (2019).

Movants have provided a list of the service fees [DE 414 at 3] and the invoices for service of the summonses and subpoenas. [DE 414-2]. Movants incurred certain fees for rush service but provided no argument in support of those additional fees. While rush fees are normally not recoverable, there is an exception for when they were necessarily incurred. *See Nolasco v. AKS Cartage Corp.*, No. 17-21728-CIV, 2018 WL 4905873, at *2 (S.D. Fla. Sept. 5, 2018) (J. O'Sullivan). Therefore, the fees will be reduced as necessary to meet the statutory requirement. For the service of subpoenas on both Robert Saltsman and Eugene Saltsman, the Court will deduct the rush fees of $50 per person. However, the Court will permit the fee of $252.50 incurred to serve a subpoena upon Evan Saltsman because there is evidence on the record that he evaded service and multiple attempts were made to serve him. [DE 369].

In sum, the Court will award Movants $544.30 in fees for service of summons and

subpoenas.

3. *Deposition and Transcription Fees*

Movants seek to recover court reporter and deposition transcript fees in the amount of $8,230.87. [DE 414 at 9].

The Court will first consider the deposition transcription and court reporter fees. According to Movants, the transcripts were necessarily obtained for use in the case. *Id.* at 4-5. The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

The Court finds that Movants have established that the depositions would have been necessary at the time they were taken and that the transcripts were necessarily obtained for use in this case. The Court additionally notes that Defendants/Counter-Plaintiffs do not object to the request. Furthermore, Movants have provided the relevant court reporter invoices. [DE 414-3].

While the Court does generally find that Movants are entitled to recover the court reporter attendance fees and transcript costs, the Court finds that the invoices from the court reporters contain certain fees that are not recoverable. Courts have determined that "fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009)). "[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Section "1920(2) allows for the taxation of "fees for printed *or* electronically recorded transcripts." 28 U.S.C. § 1920(2) (emphasis added). "[T]he statute is written in the disjunctive and does not allow for the taxation of the printed *and* electronic version of the same transcript." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017).

Here, Movants have not shown that the exhibit fees or e-litigation fees were necessary. Therefore, the Court will deduct $65 from the fees incurred from Evan Saltsman's deposition, $65 from the fees incurred during Benjamin Chevere's deposition, and $65 from the fees incurred from Eugene Saltsman's deposition. This results in a total deduction of $195 from the fees sought by Movants.

The Court next turns to the fees incurred by Movants in ordering portions of the trial transcript. Movants claim they needed these portions of the trial transcript because they referred

to them for examination and cross-examination of witnesses and closing argument. [DE 414 at 5]. "In addition to deposition transcripts, trial transcript costs are also recoverable if they are necessarily obtained for use in the case, such as for post-trial motion practice." *Hughes v. Priderock Cap. Partners, LLC*, No. 9:18-CV-80110, 2020 WL 6491003, at *3 (S.D. Fla. Sept. 17, 2020), *report and recommendation adopted,* No. 9:18-CV-80110-RLR, 2020 WL 6487537 (S.D. Fla. Nov. 4, 2020) (citing *Fortran Grp. Int'l, Inc. v. Tenet Hosps. Ltd.*, No. 8:10-CV-1602-T-TBM, 2013 WL 12203233, at *2 (M.D. Fla. Sept. 30, 2013)). While the Eleventh Circuit has found that the cost of daily trial transcripts should not be allowed "as a matter of course," district courts may award the cost of daily trial transcript where the length and complexity of a trial make the daily transcripts "necessary." *Mizrahi v. Yamaha Motor Corp., U.S.A.*, No. 17-24484-CIV, 2019 WL 5265298, at *1 (S.D. Fla. Sept. 23, 2019) (citing *Maris Distrib. Co. v. Anheuser–Busch, Inc.,* 302 F.3d 1207, 1226 (11th Cir. 2002)).

Here, based on its own knowledge of the case, the Court finds that the portions of the trial transcript were necessary given the length and complexity of the trial. The Court also specifically finds that they were not ordered solely for the convenience of Movants' counsel.

Based on the foregoing, Movants are entitled to $8,035.87 in transcription and court reporter fees.

4. *Copying Fees*

Movants seek to recover copying fees in the amount of $6,179.97. [DE 414 at 5]. According to Movants, some of the fees were incurred making multiple copies of their trial exhibits at a rate well below $0.15 per page. *Id.* at 6. Movants also assert, with regard to the remaining copying fees, that they were "required to prepare trial exhibits in advance of the eve of trial, provide copies

7

of the exhibits to Court and opposing counsel, and required them for use during the examination of witnesses at trial." *Id.*

Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Section 1920 permits costs to be taxed for certified copies of documents and copies of documents "necessarily obtained for use in the case." *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1063 (N.D. Ga. 1992), *aff'd and remanded,* 991 F.2d 751 (Fed. Cir. 1993). The Eleventh Circuit has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623. "Although courts may not tax as costs copies made for the convenience of counsel, such as multiple copies, courts may tax the costs of copies made for the purpose of providing them to the court or to opposing counsel." *Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-CV-60416, 2017 WL 3237053, at *3 (S.D. Fla. July 31, 2017) (quoting *Sensormatic Elecs. Corp. v. Tag Co. US*, No. 06-81105-CIV, 2009 WL 3208649, at *9 (S.D. Fla. Oct. 2, 2009)). "Rates between $0.10 and $0.25 per page are recoverable." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) (citing *Fla. Pawnbrokers & Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989) ($0.25 per page)).

The Court finds that Movants have demonstrated that the copies of documents were necessarily obtained for use in the case and the rate of under $0.15 per page is reasonable. Additionally, Defendants/Counter-Plaintiffs do not object to the costs sought. The Court also finds that, pursuant to *Arcadian Fertilizer, L.P. v. MPW Industries Services, Inc.*, 249 F.3d 1293 (11th

Cir. 2001), the costs of oversize documents and color photographs are taxable under § 1920(4). However, the Southern District of Florida has held that equipment rental is not compensable. *Rodriguez v. Geovera Specialty Ins. Co.*, No. 18-23585-CIV, 2020 WL 2732337, at *7 (S.D. Fla. May 26, 2020) (citing *Luken v. Int'l Yacht Council Ltd.*, No. 02-60772-CIV-DIMITROULEAS, 2009 WL 678005, at *6 (S.D. Fla. Mar. 11, 2009)). Additionally, Movants have not provided any argument to support fees for delivery of exhibits or the "express fee" listed on one of the invoices.

Thus, the Court will deduct a total of $369.16 ($219.16 for the express fee, $50 in delivery fees, and $100 in fees for equipment rental) from the $6,179.97 sought by Movants. Based on the foregoing, Movants are entitled to $5,810.81 in copying costs.

5. *Witness Fees*

Movants seek $80 in witness fees. [DE 414 at 9]. This includes $40 for Michele Whiteman and $40 for Eugene Saltsman. *Id.* at 3.

"Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) ... However, the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821...." *Rosenfeld v. Oceania Cruises, Inc.,* 2010 WL 11505555, *3 (S.D. Fla. May 25, 2010). Pursuant to 28 U.S.C. § 1821(a)(1), "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Section 1821(b) states that "[a]witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during

9

such attendance." 28 U.S.C. § 1821(b).

Thus, witness fees are recoverable when they do not exceed the normal statutory award of $40.00 per day. *See Versilia Supply Serv. SRL v. M/Y WAKU*, No. 18-CV-62975, 2021 WL 2142884, at *9 (S.D. Fla. May 11, 2021), *report and recommendation adopted,* No. 18-62975-CIV, 2021 WL 2138447 (S.D. Fla. May 26, 2021) (reducing the witness fee to $40 when the movant failed to provide an explanation for why the fee should be higher than that); *Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *22 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, No. 15-CV-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021) (reducing the $254.40 in fees requested for two witnesses to the normal statutory award of $40.00 in the absence of justification for the higher request); *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2021 WL 495033, at *2 (S.D. Fla. Feb. 2, 2021), *report and recommendation adopted,* No. 16-24918-CIV, 2021 WL 493397 (S.D. Fla. Feb. 10, 2021) ("While $40 per day is low for any expert witness, it is not within this Court's power to increase the amount.").

In light of the above law, Movants are entitled to the $80 sought in witness fees.

### III.     CONCLUSION

In light of the foregoing, Movants' Bill of Taxable Costs [DE 414] is **GRANTED IN PART and DENIED IN PART**. Plaintiffs and Third-Party Defendants are entitled to $14,870.98 in taxable costs. A judgment in this amount, along with post-judgment interest, will be separately entered in favor of Plaintiffs and Counter-Defendants and against Defendants/Counter-Plaintiffs.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge